*864 LIU, J., Concurring.
I join the court’s opinion and offer the following observations about the trial court’s excusal of a prospective juror for cause. (See maj. opn., ante, at pp. 845-848.)
In excusing the prospective juror, the trial court stated: “I don’t know that the law would require that someone violate a precept of their religious beliefs, even though this man presumably was willing to do that if I ordered him to do that, but—but I think that it is—I think that it is cause.”
The meaning of the trial court’s observation is not entirely clear. (See maj. opn., ante, at pp. 847-848.) It is true, as the trial court may have intended to suggest, that a prospective juror who is unwilling or unable to violate the dictates of his or her religion or personal conscience in deference to the law cannot be compelled to serve on a jury. But it is not true that a prospective juror who agrees to perform the duties of a juror cannot be required to set aside his or her religious beliefs or personal views during jury service. Indeed, that is exactly what the law requires when citizens accept the responsibility to discharge this solemn and vitally important civic duty. (See Code Civ. Proc., § 232, subd. (b) [jurors must swear an oath that they will render a true verdict “ ‘according only to the evidence presented . . . and to the instructions of the court’ ” (italics added)].)
Accordingly, a prospective juror may not be excused for cause simply because jury service would require him or her to violate a religious belief or some other matter of personal conscience. The relevant question is whether, notwithstanding any conflict between a prospective juror’s personal beliefs (religious or otherwise) and the requirements of jury service, the prospective juror is able to subordinate those beliefs to the responsibility to apply the law. Prospective jurors who are “willing to temporarily set aside their own beliefs in deference to the rule of law” may not be excused for cause. (Lockhart v. McCree (1986) 476 U.S. 162, 176 [90 L.Ed.2d 137, 106 S.Ct. 1758]; see Uttecht v. Brown (2007) 551 U.S. 1, 6 [167 L.Ed.2d 1014, 127 S.Ct. 2218] [“[b]ecause ‘[a] man who opposes the death penalty, no less than one who favors it, can make the discretionary judgment entrusted to him by the State,’ ” it follows that “ ‘a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty . . .’ ”]; Witherspoon v. Illinois (1968) 391 U.S. 510, 522 [20 L.Ed.2d 776, 88 S.Ct. 1770] [“[W]e hold that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction.”].)
*865 In this case, the record supports a finding that the prospective juror would have been substantially impaired in the performance of his duties as a juror and was therefore properly excused for cause. Although the juror said he could follow the law if required to do so, the question is whether the juror would have been substantially impaired, that is, impaired to a substantial degree. The juror’s discursive answers during voir dire (see maj. opn., ante, at pp. 845-847) were sufficient to leave the trial court “with the definite impression that [he] would be unable to faithfully and impartially apply the law.” (Wainwright v. Witt (1985) 469 U.S. 412, 426 [83 L.Ed.2d 841, 105 S.Ct. 844].) Thus, substantial evidence supports the trial court’s decision to excuse him for cause.
Appellant’s petition for a rehearing was denied August 14, 2013.